UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

YOHANEL LAFFITTE PANTOJA                    CIVIL ACTION NO. 26-1263

                                            SECTION P

VS.

                                            JUDGE JAMES D. CAIN, JR.

WARDEN RICHWOOD CORRECTIONAL        MAG. JUDGE KAYLA D. MCCLUSKY
CENTER, ET AL.

## REPORT AND RECOMMENDATION

Petitioner Yohanel Laffitte Pantoja,[1] a detainee in the custody of the Department of

Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE")

proceeding pro se, petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241.[2]

Respondents oppose the petition. [doc. # 12]. For reasons that follow, the Court should deny the

petition.

## Background

Petitioner is a citizen of Cuba. He entered the United States of America on July 7, 2019.

[doc. # 1-2, p. 5]. On February 7, 2020, an immigration judge ordered him removed from the

United States to Cuba. [doc. # 12-1, p. 13]. Petitioner did not appeal the removal order.

On January 21, 2021, DHS released Petitioner from detention. [doc. # 12, p. 6].

On February 28, 2026, Petitioner was taken into immigration custody again. [doc. # 1, p.

4].

---

[1] Petitioner's "A number" is 203-787-631.

[2] This matter has been referred to the undersigned for review, report, and recommendation under
28 U.S.C. § 636, and the standing orders of the Court.

Petitioner filed this proceeding on approximately April 14, 2026.  [doc. # 1, p. 8].  He claims that the Government is violating his right to substantive due process by detaining him without providing him a bond hearing.  *Id.* at 6.

Respondents opposed the petition on May 28, 2026.  [doc. # 12].  Petitioner filed a reply on June 4, 2026.  [doc. # 14].

<u>**Law and Analysis**</u>

**I. Due Process**

Petitioner is not entitled to a bond hearing under the Due Process Clause.  Petitioner has a final order of removal.  When he "became subject to an administratively final removal order," "authority for [his] detention then shifted to 8 U.S.C. Section 1231."  *Vetcher v. Barr*, 809 F. App'x 254, 256 (5th Cir. 2020).  Under Section 1231, the Government is authorized to detain "noncitizens who have been ordered removed from the United States."  *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 575 (2022).  "During the removal period"—i.e., after "an alien is ordered removed"—"detention is mandatory" for ninety days.  *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(2)).

Following the ninety-day mandatory detention period, "An alien ordered removed who is inadmissible under section 1182 . . . may be detained beyond the removal period . . . ." 8 U.S.C. § 1231(a)(6).  Here, the Government found that Petitioner was inadmissible under Section 212(a)(7)(A)(i)(I), which is codified under 8 U.S.C. § 1182.  [doc. # 12-1, pp. 5-6].  Consequently, Petitioner is an "alien ordered removed who is inadmissible under section 1182" and may, therefore, "be detained beyond the removal period."  Section 1231(a)(6), "does not" require "the Government to offer detained noncitizens bond hearings after six months of

detention . . . ." *Johnson*, 596 U.S. at 575; *see Castaneda v. Perry*, 95 F.4th 750, 760 (4th Cir. 2024) ("§ 1231, unlike § 1226, does not entitle an alien to a bond hearing before an IJ.").

Further, with respect to due process, *Zadvydas* addressed the extent to which due process demands relief in the § 1231(a) setting, concluding that relief is required only when continued detention is unreasonable. Consequently, the Government has not and is not violating Petitioner's right to due process. *See Hernandez-Esquivel v. Castro*, 2018 WL 3097029, at *8-9 (W.D. Tex. June 22, 2018); *Martinez v. Larose*, 968 F.3d 555, 566 (6th Cir. 2020) ("The Supreme Court has had occasion to consider the constitutional implications of indefinite detention under § 1231(a). . . . [T]he Court offered us a standard through which to judge indefinite-detention cases—the *Zadvydas* standard we applied in this case. We see no cause to question the wisdom of that decision."); *Castaneda*, 95 F. 4th at 760 ("[A] § 1231 detainee who fails the *Zadvydas* test fails to prove a due process violation.").[3]

The Court should deny Petitioner's claim.

## II. *Zadvydas v. Davis*

Citing *Zadvydas v. Davis*, 533 U.S. 678 (2001), in his reply, Petitioner states that his removal to Cuba is not reasonably foreseeable. Petitioner did not raise this claim in his petition, however. And courts do not consider claims raised for the first time in a reply. *United States v. Sangs,* 31 Fed. Appx. 152, 2001 WL 1747884, at *1 (5th Cir. Dec. 11, 2001). Petitioner must

---

[3] *See also Linares v. Collins*, 2025 WL 2726549, at *5 (W.D. Tex. Aug. 12, 2025), *report and recommendation adopted,* 2025 WL 2726067 (W.D. Tex. Sept. 24, 2025) ("[T]he Supreme Court [in *Zadvydas*] set out the standard for when detention pursuant to § 1231(a)(6) violates due process: when there is no significant likelihood of removal in the reasonably foreseeable future. Use of this standard is also consistent with the practice of other district courts in the Fifth Circuit.") (citing cases).

file a separate petition if he seeks to claim under *Zadvydas* that there is not a significant likelihood of his removal in the reasonably foreseeable future.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Petitioner Yohanel Laffitte Pantoja's petition be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 15th day of June, 2026.

_____
Kayla Dye McClusky
United States Magistrate Judge